# COPY CERTIFICATE

STATE OF ILLINOIS)      **Plaintiff DEWALT**
)
St. Clair County )      **Defendant COVENANT CARE**

             Case No.17-L-348

I, Kahalah A. Clay,

Clerk of the Circuit Court, on and for said County of Saint Clair, and State of Illinois, do Certify the foregoing to be a true and correct copy of:

**TOTAL CASE FILE**

_____

_____

_____

As fully as the same remain on file and appear of record in my office in Belleville, Illinois of Said Saint Clair County Records. And further certify that I am the custodian of said Records.

      IN TESTIMONY WHEREOF, I have hereinto set my hand

      And affix the seal of said Court, at office in Belleville,

      Illinois, this

      17TH day of AUG., 2017

      KAHALAH A. CLAY, CIRCUIT CLERK

      By _____ Deputy

EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

## INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| DEWALT VS COVENANT CARE | 17-L-0348 |
|---|---|

TO: A FILE COPY

FILED
ST. CLAIR COUNTY
AUG - 3 2017
68  CIRCUIT CLERK

Date : 9/25/2017    Time : 9:00 AM    Room : 403

The above-styled case is assigned to: HON. VINCENT LOPINOT.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 17 L 348

Amount Claimed _____

| Plaintiff(s) | Defendant(s) |
|---|---|
| .TERRI DEWALT | COVENANT CARE MIDWEST, INC. D/B/A HIGHLAND HEALTH CARE CENTER AND CEDAR RIDGE HEALTH REHAB CENTER |

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. Mark S. Peebles  Code _____
Address 111 W Washington St
City Belleville  Phone 235-8301
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME JENNIFER MILLER-LOUW
2015 W MAIN ST, #111
ADDRESS
CITY & STATE CARBONDALE, IL 62901

### SUMMONS COPY
To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20__ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☐ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 6-29-2017

KAHALAH A. CLAY
Clerk of Court
BY DEPUTY _____

SEAL

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant or other person)

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

**RECEIPT #:** C 000443766  **DATE:** 06-29-2017  **TIME:** 15:50:11
**RECEIVED OF:** PEEBLES MARK S  **MEMO:**
**PART. ID:** 1810
**BY CLERK:** JA
**CHECKS:**

| CASH | CREDIT | CHANGE | OTHER |
| --- | --- | --- | --- |
| $277.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
| --- | --- | --- | --- | --- |
| 17-L-0348 DEWALT VS COVENANT CARE PARTY: PEEBLES MARK S | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $277.00 |

**TOTAL RECEIPT...** $277.00

## IN THE CIRCUIT COURT TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| TERRI DEWALT, </br></br> Plaintiff, </br></br> vs. </br></br> COVENANT CARE MIDWEST, INC., d/b/a HIGHLAND HEALTH CARE CENTER, and CEDAR RIDGE HEALTH REHAB CENTER, </br></br> Defendants. | No. 17-L-348 </br></br> FILED </br> ST. CLAIR COUNTY </br> JUN 29 2017 </br> CIRCUIT CLERK |

## COMPLAINT

Comes Now, Plaintiff, TERRI DEWALT, by and through her attorney, Mark S. Peebles, and Peebles & Associates, LLC., and for her claim and cause of action against Defendant, COVENANT CARE MIDWEST, Inc., d/b/a HIGHLAND HEALTHCARE CENTER and CEDAR RIDGE HEALTH AND REHAB CENTER, and states as follows:

### FACTS COMMON TO ALL COUNTS

1. That the Plaintiff, Terri Marshall is, and all relevant times a resident of the town of Alorton, County of St. Clair, State of Illinois.

2. That the Defendant, COVENANT CARE MIDWEST, INC., d/b/a HIGHLAND HEALTHCARE CENTER and CEDAR RIDGE HEALTH AND REHAB CENTER is, and at all times mentioned herein, a corporation in good standing in the State of Illinois, and, at all relevant times doing business as HIGHLAND HEALTHCARE CENTER and CEDAR RIDGE HEALTH AND REHAB CENTER, State of Illinois.

3. That the Defendant, Highland Health Care Center and Cedar Ridge Health and Rehab

Page 1 of 10

Center, failed to consult a physician, licensed to practice medicine and in good standing in the State of Illinois, was and is, at all relevant times under the obligation to consult a physician practicing and employed at Highland Health Care Center and Cedar Ridge Health and Rehab Center when it is clear that a resident is suffering from a severe medical problem.

4. That the Plaintiff, TERRI DEWALT, was the lawful married spouse of Orlando Dewalt before and at the time of her illness.

5. That the plaintiff, TERRI DEWALT, resided at Highland Health Care Center and Cedar Ridge Health and Rehab Center for several months prior to, and at the time the development of her serious leg infection and resulting illness on or about July 1, 2015.

## COUNT I
## ILLINOIS NURSING HOME CARE ACT—SURVIVAL STATUTE

6. Plaintiff reasserts and realleges paragraphs 1 through 5 as if fully set forth herein.

7. The plaintiff was born on October 16, 1958.

8. The plaintiff was a resident of the nursing care facilities known as Highland Health Care Center and Cedar Ridge Health and Rehab Center for several months prior to her illness on or about July 1, 2015.

9. The Defendant, COVENANT CARE MIDWEST, Inc. (Covenant Care) was the owner and licensee of the nursing homes where plaintiff resided at all times relative to this complaint.

10. At all relevant times, there was in full force and effect, a statute known as the Nursing Home Care Act, as amended, 210 ILCS 45/1, *et. seq.*

11. At all relevant times, Covenant Care owned, operated and/or managed by the Defendants, Highland Health Care Center and Cedar Ridge Health and Rehab Center,

were "facilities" as defined by §1-113 of the Act and were subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

12. At all relevant times, Covenant Care owned, operated and/or managed by the Defendants, Highland Health Care Center and Cedar Ridge Health and Rehab Center, were "nursing facilities" as defined by 42 U.S.C. §1396r.

13. The Defendant and its owners, officers, employees, and agents were under a statutory obligation not to violate the rights of any resident of the facility, including the obligation not to abuse or neglect any resident as the statute provides:

> No resident shall be deprived of any rights, benefits, or privileges guaranteed by law, the Constitution of the State of Illinois, or the Constitution of the United States solely on account of his status as a resident of a facility. 210 ILCS 45/2-101;

> An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. It is the duty of any facility employee or agent who becomes aware of such abuse or neglect to report it as provided in "The Abused and Neglected Long Term Care Facility Residents Reporting Act." 210 ILCS 45/1-117;

> "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. 210 ILCS 45/1-103;

> "Abuse" means any physical or mental injury or sexual assault inflicted on a resident other than by accidental means in a facility. 210 ILCS 45/1-103;

> "Personal care" means assistance with meals, dressing, movement, bathing or other personal needs or maintenance, or general supervision and oversight of the

physical and mental well-being of an individual, who is incapable of maintaining a private, independent residence, or who is incapable of managing his person whether or not a guardian has been appointed for such and individual. 210 ILCS 45/1-120.

14. During the period of plaintiff's residency at Highland Health Care Center and Cedar Ridge Health and Rehab Center, Defendant failed to provide ordinary care and violated the provisions of the Act in that Defendant:

    a. in violation of §483.25 of the OBRA Regulations, failed to provide necessary care and services to attain or maintain decedent at the highest practicable level of physical, mental, and psychosocial well-being in accordance with a comprehensive assessment and plan of care;

    b. in violation of §483.13(c) of the OBRA Regulations failed to protect plaintiff from neglect;

    c. in violation of §483.10(b)(11) of the OBRA Regulations, failed to inform plaintiff's physician and family of significant changes in plaintiff's physical, mental or psychosocial status;

    d. in violation of §483.25(a) of the OBRA Regulations, failed to provide plaintiff the necessary care and services to prevent a decline in her abilities to perform activities of daily living;

    e. in violation of §483.20(k) of the OBRA Regulations, failed to develop a comprehensive plan of care to address plaintiff's medical, nursing, mental and psychosocial needs;

    f. in violation of §483.15(g)(1) of the OBRA Regulations, failed to provide plaintiff medically related social services to attain or maintain the highest practicable physical, mental, and psychosocial well-being;

    g. in violation of §483.75(l) of the OBRA Regulations, failed to maintain the clinical record and document changes in plaintiff's condition, including, but not limited to, changes in the condition of the Plaintiff's leg wound;

    h. in violation of §483.20(b) of the OBRA Regulations, failed to make a comprehensive assessment of plaintiff's needs;

    i. Failed to ensure that physician's orders were carried out;

    j. in violation of §§483.25(c)(1) and 483.25(c)(2) of the OBRA Regulations,

failed to provide necessary treatment and services to avoid the development of a leg infection, to promote healing of a leg infection, and to prevent a leg infection and development of new infections;

k. in violation of §483.25(j) of the OBRA Regulations, failed to provide plaintiff with sufficient fluid intake to maintain proper hydration and health and failed to provide necessary treatment and services to avoid the development of specific infection issues;

l. in violation of §483.25(i)(1) of the OBRA Regulations, failed to ensure that plaintiff maintained acceptable parameters of nutritional status;

m. in violation of §483.25(i)(2) of the OBRA Regulations, failed to ensure that plaintiff received a therapeutic diet after nutritional problems developed;

n. in violation of 77 Ill.Admin. Code §300.1210(a)(1) failed to provide plaintiff restorative and rehabilitative measures to meet her individual needs;

o. in violation of 77 Ill.Admin. Code §300.1210(a)(4) failed to assist and encourage plaintiff so that plaintiff's abilities in daily living did not diminish;

p. in violation of 77 Ill.Admin. Code §300.1210(b)(2) failed to administer treatments and procedures to plaintiff as ordered by her physician;

q. in violation of 77 Ill.Admin. Code §300.1210(b)(3) failed to objectively observe, assess, and evaluate changes in plaintiff's condition;

r. in violation of 77 Ill.Admin. Code §300.1810(b) failed to maintain an active medical record for plaintiff;

s. in violation of 77 Ill.Admin. Code §§300.3210(n) and 300.3210(o) failed to notify plaintiff's family, representative, and physician of changes in plaintiff's condition;

t. in violation of 77 Ill.Admin. Code §300.3240 failed to protect plaintiff from abuse or neglect;

u. in violation of 77 Ill.Admin. Code §300.1210(b)(4)(A) & (B) failed to ensure that plaintiff received proper daily personal attention to maintain personal hygiene;

v. in violation of 77 Ill.Admin. Code §300.2050 failed to provide plaintiff with an adequate diet in order to attain and maintain appropriate nutritional levels;

w. Failed to notify plaintiff's family of changes in her condition;

x.  Failed to provide appropriate medical care to plaintiff when it was known or should have been known that such care was needed;

y.  Failed to properly train individuals who provided care and treatment to plaintiff;

z.  Failed to identify and treat changes in plaintiff's skin and texture before the onset of infection;

aa. Failed to properly reposition and turn plaintiff to relieve existing infections and prevent future infections;

bb. Failed to anticipate, recognize, and provide appropriate infection control measures for plaintiff's open wounds;

cc. Failed to properly implement vitamin C and zinc therapy pursuant to wound and skin care protocol;

dd. Failed to measure and document weekly weights;

ee. Failed to accurately monitor intakes and outputs;

15. The Nursing Home Care Act, provides as follows:

The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act are violated. 210 ILCS 45/3-602.

16. The Nursing Home Care Act, provides as follows:

The owner and licensee are liable to a resident for any intentional or negligent act of omission of their agents or employees which injures the residents. 210 ILCS 45/3-601.

17. As a direct and proximate result of one or more of the Defendant's violations of the Illinois Nursing Home Care Act, plaintiff sustained injuries including, but not limited to, multiple infections, dehydration, malnutrition, sepsis with multiple organ dysfunction, hypoxia, elevated blood glucose levels, and pneumonia.

18. As a direct and proximate result of one or more of the Defendant's statutory violations, plaintiff sustained substantial personal and pecuniary injuries, past, present and future,

including, but not limited to, disability and disfigurement, pain and suffering, and expense for hospital and related medical care.

WHEREFORE, Plaintiff, TERRI DEWALT, for her cause of action, prays for judgment against Defendant, COVENANT CARE MIDWEST, Inc., d/b/a HIGHLAND HEALTHCARE CENTER and CEDAR RIDGE HEALTH AND REHAB CENTER in an amount in excess of Fifty Thousand Dollars ($50,000.00) for her costs, attorney's fees, and for any other relief this Court deems just and proper.

PLAINTFF DEMANDS TRIAL BY JURY

COUNT II
PLAINTFF DEMANDS TRIAL BY JURY

COUNT II
NEGLIGENCE

26. Plaintiff reasserts and re-alleges paragraphs 1 through 18 as if fully set forth herein.

27. In providing nursing home care and services to decedent, Defendants, Highland Health Care Center and Cedar Ridge Health and Rehab Center, through their owners, officers, employees, and agents, had a duty to exercise ordinary care.

28. Defendants breached their duty to exercise ordinary care by one or more of the following acts or omissions constituting negligence:

    a. Failed to provide necessary care and services to attain or maintain plaintiff at the highest practicable level of physical, mental, and psychosocial well-being in accordance with a comprehensive assessment and plan of care;

    b. Failed to protect plaintiff from neglect;

    c. Failed to inform plaintiff's physician and family of significant changes in plaintiff's physical, mental or psychosocial status;

d. Failed to provide plaintiff the necessary care and services to prevent a decline in her abilities to preform activities of daily living;

e. Failed to develop a comprehensive plan of care to address plaintiff's medical, nursing, mental and psychosocial needs;

f. Failed to provide plaintiff medically related social services to attain or maintain the highest practicable physical, mental, and psychosocial well-being;

g. Failed to maintain the clinical record and document changes in plaintiff's condition, including, but not limited to, changes in the condition of the plaintiff's leg wound;

h. Failed to make a comprehensive assessment of plaintiff's needs;

i. Failed to ensure that physician's orders were carried out;

j. Failed to provide necessary treatment and services to avoid the development of infection, to promote healing of infections, and to prevent infection and development of new infections;

k. Failed to provide plaintiff with sufficient fluid intake to maintain proper hydration and health and failed to provide necessary treatment and services to avoid the development of specific hydration issues;

l. Failed to ensure that plaintiff maintained acceptable parameters of nutritional status;

m. Failed to ensure that plaintiff received a therapeutic diet after nutritional problems developed;

n. Failed to provide plaintiff restorative and rehabilitative measures to meet her individual needs;

o. Failed to assist and encourage plaintiff so that plaintiff's abilities in daily living did not diminish;

p. Failed to administer treatments and procedures to plaintiff as ordered by her physician;

q. Failed to objectively observe, assess, and evaluate changes in plaintiff's condition;

r. Failed to maintain an active medical record for plaintiff;

s. Failed to notify plaintiff's family, representative, and physician of changes in plaintiff's condition;

t. Failed to protect plaintiff from abuse or neglect;

u. Failed to ensure that plaintiff received proper daily personal attention to maintain personal hygiene;

v. Failed to provide plaintiff with an adequate diet in order to attain and maintain appropriate nutritional levels;

w. Failed to notify plaintiff's family of changes in her condition;

x. Failed to provide appropriate medical care to plaintiff when it was known or should have been known that such care was needed;

y. Failed to properly train individuals who provided care and treatment to plaintiff;

z. Failed to identify and treat changes in plaintiff's skin and texture before the onset of infection;

aa. Failed to properly reposition and turn plaintiff to relieve existing wounds and prevent future infection;

bb. Failed to anticipate, recognize, and provide appropriate infection control measures for plaintiff's open wounds;

cc. Failed to properly implement vitamin C and zinc therapy pursuant to wound and skin care protocol;

dd. Failed to measure and document weekly weights;

ee. Failed to accurately monitor intakes and outputs;

ff. Failed to properly care for and properly monitor plaintiff's diabetes.

29. As a direct and proximate result of one or more of the Defendant's statutory violations, plaintiff sustained injuries including, but not limited to, multiple infections, dehydration, malnutrition, sepsis with multiple organ dysfunction, hypoxia, uncontrolled diabetes, and pneumonia.

30. Plaintiff's husband suffered injuries as a result of plaintiff's injuries, including loss of companionship and loss of society.

WHEREFORE, Plaintiff, TERRI DEWALT, prays for judgment against Defendant, COVENANT CARE MIDWEST, Inc., d/b/a HIGHLAND HEALTH CARE CENTER and CEDAR RIDGE HEALTH AND REHAB CENTER, in an amount in excess of Fifty Thousand Dollars ($50,000.00) for her costs, and for any other relief this Court deems just and proper.

Peebles & Associates, LLC.

*/s/ Mark S. Peebles*

Mark S. Peebles #6225823
Attorney for Plaintiff
Peebles & Associates, LLC
111 West Washington Street
Belleville, IL 62220
(618) 235-8301
(618) 235-8673 (fax)
peebleslaw@outlook.com

## IN THE CIRCUIT COURT TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| TERRI DEWALT,<br><br>   Plaintiff,<br><br>vs.<br><br>COVENANT CARE MIDWEST, INC.,<br>d/b/a HIGHLAND HEALTH CARE<br>CENTER, and CEDAR RIDGE HEALTH<br>REHAB CENTER,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 17-L-348<br>)<br>)<br>) FILED<br>) ST. CLAIR COUNTY<br>)<br>) JUN 29 2017<br>)<br>) CIRCUIT CLERK |

### AFFIDAVIT

This Affidavit is made pursuant to Supreme Court Rule 222 (b). Under the penalties of perjury as provided by section 1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the Plaintiff herein do exceed $50,000.00.

                  _____
                  Mark S. Peebles #06225823
                  Peebles & Associates, LLC
                  111 W. Washington Street
                  Belleville, IL 62220
                  (618) 235-8301
                  (618) 398-4505
                  (618) 235-8673 (Fax)
                  mspeebles_2000@yahoo.com

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true

*[signature]*
TERRI DEWALT